(80 South. 49)

McGILVERY v. J. B. PEAKE & SON.
(4 Div. 805.)

(Supreme Court of Alabama. Nov. 21, 1918.)

1. APPEAL AND ERROR ⟨⊕⟩1052(5)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action against partners, individually and as a firm, where the defense was that a refrigerator was not ordered, and, if ordered, was not to be used by firm, but by partner alleged to have ordered it and a third person, admission of incompetent testimony as to whether or not defendant witness knew that the business of the third person and one partner was advertised under the name of the firm was harmless, where there was a general verdict for defendants.

2. TRIAL ⟨⊕⟩83(2)—RECEPTION OF EVIDENCE— SPECIFIC OBJECTION.

In an action against a partnership for the purchase price of a refrigerator, which plaintiff claimed one member of the partnership had ordered, it was not error to permit another partner to testify whether he received or accepted the

same, or whether any one received or accepted it for him, over an objection that the evidence was "immaterial, irrelevant, and incompetent."

Appeal from Circuit Court, Barbour County; A. A. McDonald, Special Judge.

Suit by Janie McGilvery, administratrix, against J. B. Peake and John Peake, individually, composing the firm of J. B. Peake & Son, and against the firm. Judgment for defendants, and the plaintiff appealed. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Suit for $50 for the breach of an agreement in the payment of two installments on the purchase price of a refrigerator claimed to have been sold by plaintiff's intestate to the defendants J. B. Peake & Son. This suit is brought against J. B. Peake and John Peake individuals, composing the firm of J. B. Peake & Son, and against J. B. Peake & Son, for recovery of the amount claimed to be due.

The evidence for the plaintiff tended to show that J. B. Peake & Son were engaged, as a partnership, in the general merchandise business, selling dry goods and groceries; that the firm was composed of J. B. Peake and his son, John Peake; that in January, 1914, John Peake purchased for the firm of J. B. Peake & Son from plaintiff's intestate a refrigerator at the price of $200, payable in installments of $25, and two of the installments were past due and unpaid; that the refrigerator was shipped to Clayton, Ala., to J. B. Peake & Son, but they declined to receive the same or to pay the installments due thereon. All negotiations were had with John Peake, and the other member, J. B. Peake, was without knowledge in reference thereto.

The evidence for the defendant tended to show that there was no agreement to purchase the refrigerator; that the agent of plaintiff's intestate spoke to John Peake in reference to the refrigerator and made an effort to sell the same to him, and finally shipped the same to Clayton for inspection only; that it was decided it was too large, and therefore not suitable for the store, and all negotiations were terminated; that they refused to accept the same, having no agreement for the purchase thereof. The evidence for defendant further tended to show that, if a refrigerator was to be purchased, it was to be used in a meat market business conducted in the rear of the store of J. B. Peake & Son, in which business John Peake and one Culpepper were partners, and with which the father, J. B. Peake, of the firm of J. B. Peake & Son, had no connection. It is further shown that the business was conducted under the name of J. B. Peake & Son, under the head of "general merchandise." There is also evidence tending to show that John Peake informed the agent of plaintiff's intestate that, if he would be interested in a refrigerator at all, it would only be for himself and Culpepper, if they again went into the meat market business.

One witness testified that on the letter head or stationery of J. B. Peake & Son, along with the words "Groceries and Dry Goods," appeared the word "Meat Market" printed thereon. But as to when such letter heads were printed, or to what extent used, or for what length of time, does not appear; nor does it appear that J. B. Peake was informed thereof. The management of the firm of J. B. Peake & Son was left largely with the son, the father remaining on his farm most of the time.

The cause was submitted to the jury, and the general verdict was found for the defendants, and plaintiff prosecutes this appeal.

McDowell & McDowell, of Eufaula, for appellant.

Geo. W. Peach, of Clayton, and A. H. Merrill & Sons, of Eufaula, for appellees.

GARDNER, J. This suit was against J. B. Peake and John Peake, as individuals composing the firm of J. B. Peake & Son, and also against the firm of J. B. Peake & Son, seeking a recovery for installments due for the purchase price of a refrigerator claimed by plaintiff to have been purchased by John Peake for the firm of J. B. Peake & Son. The defense insisted there was no agreement of purchase, and therefore nothing due. Defendant J. B. Peake also insisted that, if there was any such purchase, it was not for the firm of J. B. Peake & Son, but for John Peake and one Culpepper for a meat market business with which he was in no way connected, and that the firm of J. B. Peake & Son had no occasion for any such purchase. This latter defense, of course, in no manner concerns the defendant John Peake, and, as the verdict of the jury was in favor of the defendants, it is quite clear from this record that the jury found in favor of the defendants upon the theory that there was no agreement of purchase entered into.

J. B. Peake was asked upon direct examination if he knew anything about the meat market business being advertised under the head of J. B. Peake & Son, to which plaintiff objected on the ground "the question is immaterial, irrelevant, and incompetent." The same objection was interposed to the question as to whether or not the witness knew that his son John Peake, or the said Culpepper, was in any way using or advertising the meat market business under the name of J. B. Peake & Son.

The overruling of these objections is here urged as reversible error.

[1, 2] In view of the fact, as above stated, that the verdict of the jury was evidently based upon the theory there was no liability on the part of the defendants because of no contract having been made, it is clear that the above objections are immaterial and could avail plaintiff nothing on this appeal.

The witness was also asked whether or not he received the refrigerator, or accepted the same, or if any one received or accepted the same for him; and objection was interposed upon the ground that it was "immaterial, irrelevant, and incompetent." We think this objection was not tenable.

These are the only questions argued by counsel on this appeal, and it results that we find no reversible error in the record. The judgment will be, accordingly, affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.